HONORABLE WHITMAN L. HOLT

Barry W. Davidson (WSBA No. 07908)
Bruce K. Medeiros (WSBA No. 16380)
DAVIDSON BACKMAN MEDEIROS PLLC
1550 Bank of America Financial Center
601 W. Riverside Avenue
Spokane, Washington 99201
Telephone: (509) 624-4600
Facsimile: (509) 623-1660
Email : bdavidson@dbm-law.net

Patrick N. Fanning (*pro hac vice*)
PEAK Litigation LLP
4900 Main Street
Kansas City, MO 64112
Telephone: 816-281-5404
Email : pfanning@peaklitigation.com

*Attorneys for Defendants Cerner Corporation and Cerner Revenue Cycle, LLC (f/k/a Cerner RevWorks, LLC)*

JAMES L. DAY (WSBA #20474)
THOMAS A. BUFORD (WSBA #52969)
LESLEY BOHLEBER, (WSBA #49150)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Phone: (206) 292-2110
Fax: (206) 292-2104
Email: jday@bskd.com, tbuford@bksd.com,
   lbohleber@bskd.com

ANTHONY A. BONGIORNO (*pro hac vice*)
ERIC D. WOLKOFF (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Phone: (617) 712-7100
Fax: (617) 712-7200
Email: anthonybongiorno@quinnemanuel.com
   ericwolkoff@quinnemanuel.com

JOINT STATUS REPORT - 1

SUSHEEL KIRPALANI (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Phone: (212) 849-7200
Fax: (212) 849-7100
Email: susheelkirpalani@quinnemanuel.com

*Attorneys for Plaintiffs Astria Health, et al.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 19-01189-WLH11 |
| ASTRIA HEALTH, et al., | |
| Debtor(s) | |
| ASTRIA HEALTH, et al., | Adv. Proc. No. 21-80005-WLH |
| Plaintiffs, | |
| v. | |
| | JOINT STATUS REPORT |
| CERNER CORPORATION AND CERNER REVWORKS, LLC, | |
| Defendants. | |

In accordance with the Court's notice of scheduling conference (ECF No. 3), Fed. R. Civ. P. 16(b) and 26(f), and LBR 7016-1(b), Plaintiff Astria Health and Defendants/Counterclaimants Cerner Corporation and Cerner Revenue Cycle, LLC (f/k/a Cerner RevWorks, LLC) (collectively "Cerner") submit their Joint Status Report and Discovery Plan for the Adversary Proceeding.

JOINT STATUS REPORT - 2

I.  Plaintiffs' Statement of the Case

Astria is a non-profit healthcare system, consisting of, as of the commencement of the underlying bankruptcy cases, three hospitals, Sunnyside, Yakima, and Toppenish, outpatient clinics, and other specialized health care centers. In an effort to win Astria's business, Cerner misrepresented the capabilities of its products, the expertise of its staff, and the experiences of its other customers. In reliance on Cerner's misstatements, Astria entered into the Business Agreement on June 30, 2017 for an electronic health record ("EHR") and revenue cycle management software platform and the RevWorks Agreement on June 26, 2018 for patient billing and cash collections services (together with the Business Agreement, the "Agreements"). Cerner's system never operated as promised during the sales process or as memorialized in the Agreements. After signing the Agreements, Astria also learned of other serious cash collection issues faced by other hospitals systems using Cerner's platform, which Cerner had failed to disclose, despite questioning by Astria prior to signing the RevWorks Agreement. Had Cerner been honest about what its system and staff could deliver or the problems faced by other customers, Astria would not have entered into these Agreements with Cerner.

JOINT STATUS REPORT - 3

## II. Defendants' Statement of the Case

Astria is a healthcare system based in Eastern Washington. Cerner is a developer of electronic health record ("EHR") software platforms for health systems in the United States and internationally. In June 2017, Astria entered into the Cerner Business Agreement ("CBA," ECF No. 11) with Cerner to license, implement, and deliver an EHR software platform. In June 2018, Astria also contracted with Cerner for Cerner's RevWorks services (the "RevWorks Agreement", ECF No. 12) for patient billing and collections. Astria alleges Cerner's EHR systems failed to perform as promised and its RevWorks services were deficient.

In its counterclaims, Cerner alleges Astria failed to pay Cerner amounts due under the parties' agreements and failed to perform its reciprocal responsibilities under the CBA and RevWorks, including but not limited to in collecting revenue.

## III. Joint Statement of Claims Made by the Parties

Astria has sued Cerner for fraud in the inducement, negligent misrepresentation, violations of the Washington Consumer Protection Act ("CPA"), gross negligence, avoidance of obligations and transfers under 11 U.S.C. §§ 548, 544 and Washington State Law, disallowance of all claims asserted by Cerner, breach of contract, and breach of warranty. (ECF No. 1). Cerner denies all claims and has moved to dismiss Astria's claim that it violated the CPA (ECF No. 20).

JOINT STATUS REPORT - 4

Astria's Opposition to Cerner's Partial Motion to Dismiss will be filed on Monday, May 17, pursuant to the Notice of Motion and Hearing (ECF No. 22).

Cerner has counterclaimed and asserts claims against Astria for breach of the CBA, breach of the RevWorks Agreement, and an alternative claim for quantum meruit. (ECF No. 24). Astria's responsive pleading will be filed on Thursday, May 13, pursuant to Fed. R. Bankr. P. 7012.

**IV.    The possibilities for prompt settlement or resolution**

In accordance with LBR 9019-2, the parties have discussed and continue to consider participating in mediation to resolve the dispute.

**V.     Schedule**

    **A.     Cerner's Proposed Schedule**

        1.    Rule 26 disclosures: June 1, 2021;

        2.    Joining additional parties: August 1, 2021;

        3.    Amending Pleadings: August 1, 2021;

        4.    Fact discovery closes: December 1, 2021;

        5.    Plaintiffs' expert witness disclosures in accordance with Fed. R. Civ. P. 26(a)(2): December 15, 2021;

        6.    Defendants' expert witness disclosures in accordance with Fed. R. Civ. P. 26(a)(2): January 15, 2022;

        7.    Expert discovery closes: February 15, 2022; and

JOINT STATUS REPORT - 5

8. Deadline for filing dispositive motions: March 1, 2022

**B. Astria's Proposed Schedule**

1. Rule 26 disclosures: June 1, 2021;

2. Joining additional parties: Astria's position is that it needs to reserve its rights to join additional parties after August 1, 2021 for the limited purpose of potentially adding any successor to or purchaser of Cerner Revenue Cycle, LLC's (f/k/a Cerner RevWorks, LLC) assets because Astria understands that Cerner may object to producing transaction documents related to the sale of RevWorks to R1 RCM Inc.;

3. Amending Pleadings: Astria's position is that it needs to reserve its rights to amend the pleadings after August 1, 2021 for the limited purpose of potentially adding any successor to or purchaser of Cerner Revenue Cycle, LLC's (f/k/a Cerner RevWorks, LLC) assets because Astria understands that Cerner may object to producing transaction documents related to the sale of RevWorks to R1 RCM Inc.

4. Fact discovery closes: December 1, 2021;

5. Plaintiffs' expert witness disclosures in accordance with Fed. R. Civ. P. 26(a)(2): December 15, 2021;

JOINT STATUS REPORT - 6

6.    Defendants' expert witness disclosures in accordance with Fed. R. Civ. P. 26(a)(2): January 15, 2022;

7.    Expert discovery closes: February 15, 2022; and

8.    Deadline for filing dispositive motions: March 1, 2022

## VI. Discovery plan

### A. Discovery subjects and phasing

Astria will seek discovery related to Cerner's marketing and sales processes and strategies for the products and services covered by the Agreements, including but not limited to CommunityWorks and RevWorks, to both Astria and other hospitals and health care providers; complaints and actions (formal and informal) of Cerner's other customers and the government (both as a customer and an enforcement entity); the functions, features, configuration and options for the products and services associated with the Agreements; the implementation, including go-live, of the products and services covered by the Agreements at Astria; staffing, training, minimum expertise requirements, and certification of Cerner employees; internal controls, tracking, escalation, metrics, and reporting of the relevant systems and services associated with the Agreements; complaints and problems reported by Astria to Cerner and Cerner's efforts to mitigate or address these concerns; Cerner's claims adjustment process; Cerner's employees' concerns about and knowledge of the deficiencies of its products, platform, services, or

JOINT STATUS REPORT - 7

expertise; Cerner's sale of any products or services to any government agency; Cerner's sale of RevWorks to R1; Cerner's Application Management Services (AMS); Cerner's Standard Scope for RevWorks' billing and collections platform, Revenue Cycle Management (RCM); required manual review and posting of claims; Cerner's outsourcing of its claims and collections; Cerner's efforts to comply with warrantees and guarantees in the Agreements; and Cerner's offers to purchase of some of Astria's debt and pay an outside vendor to help fix their problems at Astria.

Cerner will seek discovery into Astria's financial and operational issues both before and after the parties entered into their contract, including but not limited to discovery of: Astria's key performance indicators, payer mix, board reports, audited financials, due diligence materials from Sunnyside's purchase of the Yakima and Toppenish facilities, Yakima and Toppenish's historic performance and trends before the acquisition by Sunnyside, outside evaluations of the purchase of Yakima and Toppenish, Astria's management structure and internal operations and performance by management personnel, Astria's debt structure, debt financing arrangements with creditors, payment obligations to creditors, Astria's discontinuation of services or procedures, Astria's decision to file for bankruptcy, and Astria's communications with its lenders. Cerner intends to seek discovery into

JOINT STATUS REPORT - 8

Astria's (and Sunnyside's, Yakima's, and Toppenish's before the combination) finances and operations from January 1, 2014 to present.

The parties agree that phased discovery is not necessary.

**B. Electronically stored information**

The parties agree to cooperate in identifying responsive documents and producing electronically stored information in TIFF format, PDF format or other reasonably usable forms (such as native format for certain spreadsheets), along with accompanying load files containing the following categories of metadata where readily available (or any other set of metadata later agreed by the parties): document type, custodian, author/from, recipient/to/cc/bcc, title/subject, email subject, file name, date and time created/sent/modified/received. The parties agree to meet-and-confer about producing specific documents in other formats on a case-by-case basis.

**C. Privilege**

The parties to not anticipate any unusual privilege issues.

**D. Discovery limitations**

The parties agree to 25 interrogatories and 50 requests for production of documents per side.

**E. Discovery orders**

The parties are working on a stipulated protective order and intend to present it to the Court on or before the May 12, 2021 discovery conference.

JOINT STATUS REPORT - 9

I.  Other issues

   A. Trial length

   The parties anticipate the trial will take five to ten days.

   B. Location of trial

   The parties agree the trial should take place in Yakima, Washington, or at another location the court may prefer.

   Respectfully submitted this 7th day of May, 2021.

      */s/ Bruce K. Medeiros*
Barry W. Davidson, WSBA No. 07908
Bruce K. Medeiros, WSBA No. 16380
DAVIDSON BACKMAN MEDEIROS PLLC
1550 Bank of America Financial Center
601 West Riverside Avenue
Spokane, Washington 99201
Telephone:  (509) 624-4600
Facsimile:   (509) 623-1660
Email: bdavidson@dbm-law.net
       bmedeiros@dbm-law.net

      */s/ Patrick N. Fanning*
Patrick N Fanning (Admitted *pro hac vice*)
PEAK LITIGATION LLP
4900 Main Street, Suite 160
Kansas City, MO 64112
Telephone:  816-281-5404
Email : pfanning@peaklitigation.com

*Attorneys for Cerner Corporation and Cerner Revenue Cycle, LLC*

*AND*

JOINT STATUS REPORT - 10

/s/ James L. Day
James L. Day (WSBA #20474)
Thomas A. Buford (WSBA #52969)
Lesley Bohleber, (WSBA #49150)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Phone: (206) 292-2110
Fax: (206) 292-2104
Email: jday@bskd.com, tbuford@bksd.com, lbohleber@bskd.com

/s/ Eric D. Wolkoff
Anthony A. Bongiorno (Admitted *pro hac vice*)
Eric D. Wolkoff (Admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Phone: (617) 712-7100
Fax: (617) 712-7200
Email: anthonybongiorno@quinnemanuel.com
ericwolkoff@quinnemanuel.com

Susheel Kirpalani (Admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22ndFloor
New York, New York 10010
Phone: (212) 849-7200
Fax: (212) 849-7100
Email: susheelkirpalani@quinnemanuel.com

*Attorneys for Plaintiffs Astria Health, et al.*

JOINT STATUS REPORT - 11