Bruce K. Medeiros (WSBA No. 16380)
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email : bmedeiros@dbm-law.net

Patrick N. Fanning (*admitted pro hac vice*)
PEAK Litigation LLP
4900 Main Street, Suite 160
Kansas City, Missouri 64112
Telephone: 816-281-5405
Email : pfanning@peaklitigation.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: <br> ASTRIA HEALTH, et al., <br> Debtor(s) | Case No. 19-01189-WLH11 |
| ASTRIA HEALTH, et al., <br> Plaintiff(s) <br> v. <br> CERNER CORPORATION AND <br> CERNER REVWORKS, LLC, <br> Defendant(s) | Adv. Proc. No. 21-80005-WLH <br><br> **NOTICE OF SUBPOENA** |

In accordance with Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, Defendants Cerner Corporation and Cerner RevWorks, LLC, give notice that they intend to serve a Subpoena for production of documents to Breslin, Young

Notice of Intent to Serve Subpoena - 1

& Slaughter, LLC, on August 11, 2021. A copy of the proposed subpoena is attached as Exhibit 1.

Respectfully submitted this 6th day of August 2021.

    */s/ Bruce K. Medeiros*
Bruce K. Medeiros, WSBA No. 16380
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email: bmedeiros@dbm-law.net

    */s/ Patrick N. Fanning*
Patrick N Fanning (Admitted *pro hac vice*)
PEAK LITIGATION LLP
4900 Main Street, Suite 160
Kansas City, Missouri 64112
Telephone: (816) 281-5404
Email : pfanning@peaklitigation.com

*Attorneys for Cerner Corporation and Cerner RevWorks, LLC*

Notice of Intent to Serve Subpoena - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# Exhibit 1

"Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in an Adversary Proceeding

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of ____Washington____

In re ___Astria Health, et al.___
      Debtor

Case No. ___19-01189-WLH___

*(Complete if issued in an adversary proceeding)*

Chapter ___11___

___Astria Health, et al.___
      Plaintiff
      v.
___Cerner Corporation and Cerner Revworks, LLC___
      Defendant

Adv. Proc. No. ___21-80005___

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: ___Breslin, Young & Slaughter, LLC; c/o Brian J. Young, 815 Coen Road, Street, Maryland 21154___

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Planet Depos<br>451 Hungerford, Suite 400, Rockville, Maryland 20850 | September 9, 2021 at 9:00 a.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| N/A | N/A |

  The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___8/6/2021___

      CLERK OF COURT

            OR

_____    _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Cerner Corporation___, who issues or requests this subpoena, are:

___Patrick N. Fanning (admitted pro hac vice), Peak Litigation, 4900 Main Street, Suite 160, Kansas City, Missouri 64112___

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
 …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT "A"

## INSTRUCTIONS

In lieu of producing the documents at the place identified in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action, you may elect to produce the documents identified in the Document Requests below via mail or electronic format to counsel for Defendant Cerner Corporation at the following address: Patrick N. Fanning, 4900 Main Street, Suite 160, Kansas City, Missouri, 64112, pfanning@peaklitigation.com, on or before the date specified for production in the Subpoena.

In addition to producing the documents requested in Defendant Cerner Corporation's Document Requests (below), You are instructed to have Your custodian of records complete and produce the enclosed "Certification of Custodian of Recovers or Other Qualified Individual" to accompany the production, as required by Md. R. Rev. R. 5-902(b)(1).

## DEFINITIONS

When used in this Attachment, the underlined words shall have the following meanings:

a. "Astria" refers to Astria Health, its agents, board members, directors, officers, executives, consultants, employees, or other persons acting or purporting to act on its behalf as well as all medical clinics, hospitals, health facilities, subsidiaries, former subsidiaries, or predecessors that were combined to form Astria Health (including but not limited to Regional Health, Astria Sunnyside Hospital, Sunnyside Community Hospital & Clinics, Astria Toppenish Hospital, Yakima Regional Medical, Astria Regional Medical Center) or other affiliated entities, and any agent, servant, or employee or other person acting or purporting to act on behalf of Astria with respect to the issue identified in the request.

b. "BYS," "You," or "Your" refers to Breslin, Young & Slaughter, LLC, its consultants, members, representatives, employees, or agents who analyzed Astria's finances or consulted with Astria or MidCap regarding Astria's (or, before Astria, Sunnyside's): (1) financing, funding, purchase, or acquisition of Yakima Regional Medical and Cardiac Center or Toppenish Community Hospital, (2) creation of the Astria combination from Sunnyside, Yakima, and Toppenish and the financial impact of the combination, (3) selection, implementation, purchase, financing, or use of an electronic health record ("EHR") software platform, (4) financial information, financial health, financial performance, creditworthiness, liquidity, or requests for credit, loans, capital or other funding from BYS, MidCap, or any other entity at any time from January 1, 2016, to present.

c.      "Cerner" refers collectively to Cerner Corporation and its subsidiary Cerner RevWorks, LLC, their agents, board members, directors, officers, executives, consultants, associates, employees, or other persons acting or purporting to act on their behalf and all subsidiaries or other affiliated entities and any agent, servant or employee or other person acting or purporting to act on behalf of Cerner with respect to the issue identified in the request.

d.      "Document" refers to any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

e.      "MidCap" refers to MidCap Financial Services, LLC, its agents, board members, directors, officers, executives, consultants, employees, or other persons acting or purporting to act on its behalf and all subsidiaries or other affiliated entities and any agent, servant, or employee or other person acting or purporting to act on behalf of MidCap with respect to the issue identified in the document request.

## DOCUMENT REQUESTS

1. All BYS' internal communications regarding Astria's financing, funding, purchase, or acquisition of Yakima Regional Medical and Cardiac Center.

2. All BYS' internal communications regarding Astria's financing, funding, purchase, or acquisition of Toppenish Community Hospital.

3. All communications between BYS and MidCap regarding Astria's financing, funding, purchase, or acquisition of Yakima Regional Medical and Cardiac Center.

4. All communications between BYS and MidCap regarding Astria's financing, funding, purchase, or acquisition of Toppenish Community Hospital.

5. All communications between BYS and MidCap regarding Astria's selection, implementation, purchase, financing, or use of an EHR software platform.

6. All BYS' internal communications discussing its monitoring or analysis of Astria's financial information, financial health, financial performance, creditworthiness, liquidity, or Astria's requests for credit, loans, or other funding.

7. All communications between BYS and MidCap discussing BYS' monitoring or analysis of Astria's financial information, financial health, financial performance, creditworthiness, liquidity, or Astria's requests for credit, loans, or other funding.

8. All notes or documents reflecting BYS' analysis, recommendations, reports, summaries, conclusions, or memoranda concerning Astria's purchase or acquisition of Yakima Regional Medical and Cardiac Center and/or Toppenish Community Hospital.

9. All notes or documents reflecting BYS' analysis, recommendations, reports, summaries, conclusions, or memoranda concerning Astria's selection, implementation, purchase, financing, or use of an EHR software platform.

10. All notes or documents reflecting BYS' analysis, recommendations, reports, summaries, conclusions, or memoranda concerning BYS' monitoring or analysis of Astria's financial information, financial health, financial performance, creditworthiness, liquidity, or Astria's requests for credit, loans, or other funding.

11. All notes, documents, or communications regarding Astria's potential, threatened, or actual default on any loan or other debt instrument.

12. All documents identifying, describing or detailing amounts BYS charged for its services associated with its analysis of Astria.

## CERTIFICATION OF CUSTODIAN OF RECORDS OR OTHER QUALIFIED INDIVIDUAL

I, _____, do hereby certify that:

(1) I am the Custodian of Records of or am otherwise qualified to administer the records for **Breslin, Young & Slaughter, LLC**; and

(2) The attached records:
    (a) are true and correct copies of records that were made at or near the time of the occurrence of the matters set forth by, or from the information transmitted by, a person with knowledge of these matters; and

    (b) were kept in the course of regularly conducted activity; and

    (c) were made and kept by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Signature and Title: _____

Date: _____