Bruce K. Medeiros (WSBA No. 16380)
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email: bmedeiros@dbm-law.net

Patrick N. Fanning (*pro hac vice*)
Kristina L. Burmeister (*pro hac vice*)
J. Aaron Craig (*pro hac vice*)
PEAK Litigation LLP
4900 Main Street
Kansas City, Missouri 64112
Telephone: (816) 281-5504
Email: pfanning@peaklitigation.com
kburmeister@peaklitigation.com
acraig@peaklitigation.com

*Attorneys for Cerner Corporation and Cerner Revenue Cycle, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br>ASTRIA HEALTH,<br>Debtor. | Case No. 19-01189-WLH11 |
| ASTRIA HEALTH,<br>Plaintiff,<br>v.<br>CERNER CORPORATION AND CERNER REVENUE CYCLE, LLC,<br>Defendants. | Adv. Proc. No. 21-80005-WLH<br><br>**DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFFS FROM SERVING SUBPOENAS ON CERNER'S CLIENTS** |

Cerner Motion for Protective Order on client subpoenas - 1

In accordance with Fed. R. Civ. P. 26(c), Defendant Cerner Corporation moves the Court to enter a protective order prohibiting Plaintiff Astria Health from serving subpoenas seeking documents from Cerner's clients Benewah Community Hospital and Trinity Health.

In support of its motion Cerner states:

1. Benewah Community Hospital and Trinity Health are current Cerner clients;

2. The materials Astria will ask Benewah and Trinity Health to produce are harassing, overbroad and seek to inquire into collateral matters unrelated to the dispute between Astria and Cerner. For example, Astria's proposed subpoena to Trinity seeks information about a dispute Trinity initiated in 2012.

3. Astria's proposed subpoenas are also improper under Fed. R. Civ. P. 45(c)(3)(B)(i) because, to answer Astria's subpoenas, Cerner's clients would either have to produce documents arising from a confidential business relationship (Benewah) or litigation/arbitration documents that were subject to a confidentiality agreement (Trinity).

4. Astria's proposed subpoenas to Cerner's clients are also improper because—if Astria believed the documents it seeks were relevant and proportional under Rule 26—it could have requested the documents from Cerner through a Rule 33 or Rule 34 discovery request.

For the reasons set forth herein more fully in Cerner's Memorandum in Support of its Motion, Cerner respectfully asks the Court to enter a protective order to forbid Astria from serving its proposed subpoenas to Benewah Community Hospital and Trinity Health.

Dated: November 15, 2021.

    /s/ Bruce K. Medeiros
Bruce K. Medeiros (WSBA No. 16380)
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email: bmedeiros@dbm-law.net

    /s/ Patrick N. Fanning
Patrick N. Fanning (*pro hac vice*)
Kristina L. Burmeister (*pro hac vice*)
J. Aaron Craig (*pro hac vice*)
PEAK Litigation LLP
4900 Main Street
Kansas City, Missouri 64112
Telephone: (816) 281-5504
Email: pfanning@peaklitigation.com
          kburmeister@peaklitigation.com
          acraig@peaklitigation.com

*Attorneys for Cerner Corporation and Cerner Revenue Cycle, LLC*